# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DELANO JOSEPH GLASPER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0416 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging the execution of his sentence. He also filed a motion to waive exhaustion (Docket Entry No. 2). After reviewing the pleadings and matters of public record under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court DENIES the motion to waive exhaustion and DISMISSES this lawsuit for failure to exhaust, as follows.

Petitioner reports that he was released to parole in 2012 and subsequently convicted of possession of a controlled substance in 2015. Following his revocation of parole and return to prison, he was denied certain pre-revocation jail time credit pursuant to state law. Petitioner disagreed with that decision, and filed an administrative time credit dispute resolution form. The dispute resolution form was denied. Petitioner then filed an application for state habeas relief in April 2017, which remains pending in the state trial court.

Petitioner complains in the instant federal habeas petition that the state trial court is delaying resolution of his state habeas proceeding. He asks that this Court waive exhaustion and allow him to prosecute his federal petition.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

A review of public state court records shows that petitioner's application for state habeas relief is active and currently progressing in the trial court. *Ex parte Glasper*, Cause No. 1103790-A in the 262nd Judicial District Court of Harris County, Texas. The State filed proposed findings of fact and conclusions of law on January 11, 2018, which are currently pending before the trial court. Petitioner's habeas claims involve application of state law, and the state courts should be allowed to determine the issues prior to this Court's review. Petitioner does not show an absence of available state corrective process or the existence of circumstances rendering the available process ineffective at this time.

Petitioner's motion to waive exhaustion (Docket Entry No. 2) is DENIED, and this federal habeas petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on February 15, 2018.

_____
Gray H. Miller
United States District Judge